Marie Hong, and with my co-counsel Helen Sklar, I represent Mr. Martinez, who's the petitioner in this case. This case has already been before the court. In 2003, in his earlier decision, the Ninth Circuit held that the BIA's adverse credibility determination was erroneous. In its prior decision, the Ninth Circuit reached that result because it credited Mr. Martinez's under the circumstances. This court held that Mr. Martinez's second and truthful application therefore was wholly consistent with his fear of returning to Guatemala. The government failed to object to the prior court's decision. The government could have filed a petition for rehearing before this court. The government could have filed a motion to remand with the BIA. The government could have opposed Mr. Martinez's motion to remand with the BIA to point out any error that was in that decision. The government did not. This case is the... I think it's fair to say the government seems to have agreed with the court. So the BIA went off on a junket of its own. Yes. I think we, you know, we really don't know what to happen. Yeah. Have a seat and we'll hear from the government. All right. Let the government explain it. Yeah. I like that. Have a seat. Good morning. May it please the court. Arthur Rabin here for the government. Would you like a glass of water first? No, thank you, Your Honor. I would like to turn the court's attention to its prior decision, which is located on page 17 of the record. In that decision, the basis for the error cited by the court was that the court indicated that the board never identified specific cogent reasons for rejecting the petitioner's justification for his prior, for giving an inconsistent account. You're talking about the language that says the BIA provided, quote, no specific cogent reasons for rejecting his justification, citing Valderrama? Yes, that is correct, Your Honor. All right. But then there's another statement, though, moreover. Well, go ahead. Okay. In its decision following remand, the board did provide specific cogent reasons for not giving credibility to his justification. That is, it said, when this man first came in in 1992, he gave us a written asylum application that stated that he was a political activist in Guatemala. Several years later, he repeated that in his asylum interview in front of an asylum officer. And only three and a half years later did he submit a declaration to an immigration judge saying, no, all of that was a lie, and in fact, I was living a homosexual lifestyle in Guatemala. The board said, we don't believe you. And the cogent reasons it gave in its post-remand decision was that he had, and his explanation was, I feared disclosing my homosexual, the real basis for my asylum claim, my homosexual lifestyle and orientation to the government of the United States, because I feared the government of the United States, because I feared they would So the board looked at that justification and said, we cannot credit that as reasonable, because you have lived in this country for three and a half years. You had no problems whatsoever with the United States government, ever. You actually participated in gay organizations. You lived an openly gay lifestyle in a false, under oath account to the asylum officer of what happened. So it's not that he withheld information. He actually lied twice, despite the fact that he had no problems whatsoever in the United States. The board, and I would submit, very reasonably said, we cannot credit that. We cannot believe that that you would be afraid of the United States government, despite the fact you've had no problems here. Also, it is problematic for the... Well, you know, it's not easy for those folks to talk about those things and sit down there with government representatives and all that. So it's not hard to understand why someone would try to cover up their true reason or their fears and all that. Well, Your Honor, I would agree with you, except that the standard of review here is that the court must identify compelling reason for disagreeing with the board. That is, it cannot just identify a separate explanation for him failing to come forward, even though the court may say it's just as reasonable as the board. That's not the standard here. The standard is... Well, the board the first time had the evidence that he was a homosexual and was afraid of disclosing. Isn't that correct? Yes, Your Honor. And then we reverse and remand. It would seem to me the message was plain, what we wanted the board to do. The government agreed, they didn't file a brief, and the board more or less rebels and defies us and comes up with an explanation, and you, unfortunately, are here to defend them. But it really is unbelievable. They are justifying the court. You know, Your Honor, I would submit that they are not defying the court. Well, go ahead. You have to do the job, but it's a tough job. Well, you know, I understand how the court feels, but I think that a reasonable interpretation of the for not believing his justification. So the court turned around and did identify those reasons now for the court. I don't think it's a case of the board defying or not following the remand instructions of the court. No, it's just the board being kind of dumb, not getting the message. I'm not sure if that is the case, Your Honor. I think that what they did in this case was they read the court's decision and they tried to follow the remand instruction and they came up with the best that they could. Even though the government wasn't even asking them. Well, there are... The government had abandoned the case. The government could not defend the prior decision based on the fact that the board never did identify reasons for disagreeing. But on the remand, the government could have presented the same kind of reasons that the board finally came up with. The government just gave up, and yet the board stubbornly persisted in its close to defiance. Well, I don't know if it's close to defiance, Your Honor. All I can say is that as I represent the government and as I understand the government's thinking in this case, it was that when this case was last before the court and the court issued its decision stating that the board failed to identify cogent reasons for not crediting his justification, not believing his justification, at that point, that was true. The board never did that. All right. But when it went back, the government had the chance to make the new argument, did it not? Yes, Your Honor. Did it not choose to make it? The government just gave up until the board came up sua sponte with its... Well, I'm sorry. Isn't that right? No, that's not correct. The government does not have the burden in front of the board, Your Honor. No, but they had to file a brief. They don't have to, Your Honor. Well, they didn't argue it. No, Your Honor. There is no burden on the government. Well, maybe there isn't, but in a normal legal case, when you don't file a brief, you're not arguing it. Well, you're right. If there's a villain in this case, the villain is us. We penned a completely ambiguous statement in our memorandum disposition that simply says, because the BIA stated only that it was not persuaded by respondents' explanations and provided no legitimate alone cogent reasons for rejecting. And here's the ridiculous language. We were manned for proceedings consistent with this disposition. If we wanted more, if we wanted to be specific, we should have been. All we said is you didn't state any reasons. We were manned for proceedings consistent. So they stated reasons. That's correct, Your Honor.  There's the villainy right there. It's in that language. No, no. We're just trying to be kind to the board and polite. We're manned for proceedings consistent with this disposition. That's letting them know. That's giving them the message. Okay, Your Honor. I will pass that along. Yes, Your Honor. Okay. Subject to the Court's questions, I can also talk about the denial of the motion to reopen in this case for cap protection. Well, I think we've got it all in hand. Yes, Your Honor. Okay. All right. You want to say something more? You want to snatch defeat from the jaws of victory? You don't have to say anything more. I think I'll submit. If there aren't any further questions. You're getting the message. All right. Okay. Now we come to the next matter. Has the case been discussed? Triple D, Clays v. County, Los Angeles. Now we come to Asuta Medical Center v. U.S. Department of Homeland Security. Okay.
judges: Pregerson, Noonan, Trott